[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 1456.]

OFFICE OF DISCIPLINARY COUNSEL ET AL. V. GATWOOD.

[Cite as *Disciplinary Counsel v. Gatwood*, 1997-Ohio-96.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct that adversely reflects on fitness to practice law—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Neglecting an entrusted legal matter—Engaging in conduct prejudicial to the administration of justice—Failing to cooperate in a grievance investigation.*

(No. 96-2480—Submitted January 22, 1997—Decided April 30, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, Nos. 95-98 and 96-01.

———————————

{¶ 1} On December 26, 1995, the Office of Disciplinary Counsel, one of the relators, filed a complaint against respondent, David W. Gatwood of Sylvania, Ohio, Attorney Registration No. 0011513, alleging the violation of one Disciplinary Rule. (case No. 95-98.) On March 25, 1996, the Toledo Bar Association, the other relator, filed a second amended complaint against the respondent, alleging the violation of several additional Disciplinary Rules. (case No. 96-01.) All parties stipulated to the factual background of these cases.

{¶ 2} With respect to case No. 95-98, the parties stipulated that respondent was the subject of a prior disciplinary proceeding in which he was publicly reprimanded for failing to timely file an appellate brief for a convicted client. *Toledo Bar Assn. v. Gatwood* (1988), 36 Ohio St. 3d 610, 522 N.E.2d 523. The parties additionally stipulated that in February 1995, respondent gave a check to Fallen Timbers Family Physicians that was returned for insufficient funds and has not yet been paid, and that by so doing respondent violated DR 1-102(A)(6)

(engaging in conduct that adversely reflects upon an attorney's fitness to practice law).

{¶ 3} With respect to case No. 96-01, the parties entered into the following stipulations. In 1993, respondent undertook to represent Mr. and Mrs. David Koester in connection with injuries sustained by their son in Michigan. Because he was not admitted in Michigan, respondent obtained the services of a Michigan lawyer and presented to the Koesters a complaint that he asserted had been filed in Michigan. When the Koesters learned that a Michigan attorney was involved, they asked respondent to transfer the case to him. Respondent did so and when the Koesters contacted the Michigan attorney they discovered that no complaint had been filed. Respondent's actions in misleading his clients violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 4} In August 1991, Sherrill and Clyde Adkins retained respondent to represent them to pursue claims arising out an injury to Sherrill. Respondent filed a complaint on their behalf against various defendants, all of whom filed motions to dismiss. Respondent's only response was to dismiss one of the defendants without prejudice. The motions of the remaining defendants were granted. Respondent then filed an appeal, which was dismissed for failure to file assignments of error and an appeal brief. Respondent's actions violated DR 6-101(A)(3) (neglecting a legal matter entrusted to him).

{¶ 5} In the fall of 1994, respondent received a retainer to file a bankruptcy case for Jean Hernandez, but never filed the case and failed to respond to inquiries from the Toledo Bar Association about the grievance Hernandez had filed with respect to this matter. Respondent's actions violated DR 6-101 (A)(3) and 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and Gov.Bar R. V(4)(G) (failing to cooperate in a grievance investigation).

{¶ 6} In November 1993, respondent filed a personal injury action for Eunice Block, but thereafter failed to respond to interrogatories or attend a pretrial

conference in the case. At a hearing on whether the case should be dismissed for respondent's failure to provide discovery, respondent moved successfully to dismiss without prejudice with a right to refile. After respondent failed to file the judgment entry on his motion, as requested by the court, the court dismissed the case for want of prosecution. Respondent's actions violated DR 6-101(A)(3).

{¶ 7} In September 1995, respondent wrote a check for $100 payable to the Fulton County Court as deposit on a motion. When the check was returned for insufficient funds and a grievance was filed, respondent failed to respond to repeated attempts by the Toledo Bar Association to contact him with respect to the grievance. By his actions, respondent violated DR 1-102(A)(6) and 1-102(A)(5), and Gov.Bar R. V(4)(G).

{¶ 8} At a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), respondent testified that approximately five years earlier he began to be depressed about the practice of law. In the spring of 1994, respondent consulted with a family counselor. After a few months the counselor suggested that respondent contact Dr Schmidt, a psychiatrist, who diagnosed respondent as having chronic depression and prescribed Prozac. Respondent took the medication until November 1994, when he began to feel better. However, after he discontinued the medication his condition worsened. In April 1995, respondent again began seeing his family counselor and has seen him weekly since that time. Concurrently respondent has been taking a new medication and believes he has improved his condition.

{¶ 9} The panel recommended that respondent be suspended from the practice of law indefinitely. As a condition of any possible readmission, the panel required that respondent demonstrate that he has continued his treatment or that treatment is no longer necessary. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator Office of Disciplinary Counsel.

*George Gernot III* and *W. David Arnold*, for relator Toledo Bar Association.

*David W. Gatwood, pro se.*

————————————

***Per Curiam.***

{¶ 10} Upon review of the record, we adopt the findings, conclusions, and recommendations of the board. Respondent is suspended indefinitely from the practice of law in Ohio. As a condition of any possible reinstatement to the practice of law, respondent must make restitution and must demonstrate that he is continuing his treatment for depression or that treatment is no longer necessary. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.

————————————